UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LEONARD C. JEFFERSON,<br>    Plaintiff,<br><br>v.<br><br>ASHBEL T. WALL, Director of Rhode Island Department of Corrections; COREY CLOUD, Grievance Coordinator at Rhode Island's Adult Correctional Institutions; MATTHEW KETTLE, Associate Director/Warden of the Adult Correctional Institutions' Maximum Security Building; LT. AMARAL, Correctional Officer at the Adult Correctional Institutions; DR. JENNIFER CLARKE, Medical Program Director at the Adult Correctional Institutions; DOCTORS AMANDA NOSKA, MICHAEL POSHKUS, and CHRISTOPHER SALAS, Members of Rhode Island Department of Corrections Hepatitis C. Committee,<br>    Defendants. | C.A. No. 16-652WES |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Invoking the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, *pro se* Plaintiff Leonard Jefferson, a prisoner at the Adult Correctional Institution ("ACI"), claims that the exercise of his sincerely-held religious belief as a Muslim has been unduly burdened by the headwear policy of the Rhode Island Department of Corrections ("RIDOC"), which prohibits him from wearing his kufi[1] at all times and in all places within the

---

[1] "A Kufi is a 'close-fitting brimless cylindrical or round hat.'" Harris v. Wall, 217 F. Supp. 3d 541, 546 n.4 (D.R.I. 2016) (quoting Malik v. Ozmint, C.A. No. 8:07-387-RBH-BHH, 2008 WL 701517, at *9 (D.S.C. Feb. 13, 2008)). It is worn by Muslims as a religious head covering. Harris, 217 F. Supp. 3d at 546.

ACI.[2] The matter is presently before the Court on Plaintiff's motion for preliminary injunction seeking interim relief in connection with his RLUIPA claim ("the motion"). ECF No. 28. Specifically, Plaintiff has asked the Court to enter an injunction that would "immediately allow him to wear his kufi in all areas of the [ACI] at all times, subject to searches pursuant to existing ACI Policies." ECF No. 28 at 1. With Plaintiff's responsive filing on October 30, 2017 (ECF No. 64), the motion is now fully briefed and ready for determination as to whether an evidentiary hearing is necessary, and, if not, for report and recommendation.

On November 1, 2017, RIDOC advised the Court that it had issued a new Standard Operating Procedure, which became effective on November 6, 2017 ("2017 SOP"). ECF No. 65. The 2017 SOP provides that ACI inmates who are listed as Muslim, such as Plaintiff, are permitted to wear a specified kufi anywhere in the ACI's secure facilities,[3] subject to search procedures. ECF No. 65-1. The 2017 SOP moots Plaintiff's request for preliminary injunction because it provides him with all of the relief sought by the motion. In light of RIDOC's adoption of the 2017 SOP, there is no need for this Court to conduct an evidentiary hearing on the propriety of his recent discipline for possession of contraband. Nor is it appropriate for the Court to have an evidentiary hearing on his somewhat bizarre claim that he is not a prisoner under the Prison Litigation Reform Act, 42 U.S.C. §1997e ("PLRA").[4] Nor must the Court resolve

---

[2] Plaintiff also claims that he has been deprived of necessary treatment for chronic hepatitis C. That claim is not implicated by the motion for injunctive relief addressed by this report and recommendation.

[3] The 2017 SOP excludes the "Correctional Industries" from the areas where the kufi may be worn. Plaintiff works as a Dining Room Packer (ECF No. 28 at 3), and there is nothing in the record suggesting that he would be affected by this exception. To the extent that Plaintiff believes that this exception burdens his religious practice, he may file a new motion for injunctive relief.

[4] In 1974, Plaintiff was convicted of murder and sentenced to life by the Rhode Island Superior Court, but was paroled in 1985. In 1994, he was convicted in Pennsylvania of aggravated assault based on an incident involving the use of a baseball bat; this conviction resulted in the revocation of his Rhode Island parole. After serving almost twenty years in Pennsylvania, Plaintiff was returned to the custody of Rhode Island, where he is now serving the life sentence for murder. Plaintiff has argued that the PLRA does not apply to the motion because his parole was wrongly revoked. But see 42 U.S.C. § 1997e(h) (PLRA defines "prisoner" as "any person incarcerated or detained

Plaintiff's accusation that RIDOC misled the Court in omitting the wearing of protective head coverings by food workers from the information provided to the Court in another case raising the same RLUIPA claims (Harris v. Wall, CA. No. 16-080 S).[5]  Rather, with all of the relief sought by the motion provided by the 2017 SOP, there is no issue requiring an evidentiary hearing, and the motion should be denied as moot.

Based on the foregoing, I deny Plaintiff's request for an evidentiary hearing and recommend that the Court deny as moot his motion for preliminary injunction to the extent that the motion seeks relief in connection with his RLUIPA claim.  ECF No. 28.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 9, 2017

---

in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program").

[5] As already noted on the record during a prior hearing in this case, the Court has not found any of RIDOC's filings to be in bad faith or deceptive.