```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
LEONARD C. JEFFERSON,               )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 16-652 WES
                                    )
ASHBEL T. WALL, Director of Rhode   )
Island Department of Corrections;   )
CORY CLOUD, Grievance Coordinator   )
at Rhode Island's Adult             )
Correctional Institutions; MATTHEW  )
KETTLE, Associate Director/Warden   )
of the Adult Correctional           )
Institutions' Maximum Security      )
Building; LT. AMARAL, Correctional  )
Officer at the Adult Correctional   )
Institutions; DR. JENNIFER CLARKE,  )
Medical Program Director at the     )
Adult Correctional Institutions;    )
DOCTORS AMANDA NOSKA, MICHAEL       )
POSHKUS, and CHRISTOPHER SALAS,     )
Members of the Rhode Island         )
Department of Corrections           )
Hepatitis C Committee,              )
                                    )
        Defendants.                 )
_____ )
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

On November 9, 2017, Magistrate Judge Patricia A. Sullivan filed a Report and Recommendation ("R&R") (ECF No. 67) denying Plaintiff's request for an evidentiary hearing and recommending that the Court deny as moot Plaintiff's Motion for Preliminary Injunction (ECF No. 28) to the extent that it seeks relief related to his claim under the Religious Land Use and Institutionalized Persons Act. On

November 27, 2017, Magistrate Judge Sullivan filed an additional R&R (ECF No. 70) recommending that Plaintiff's Amended Motion for Preliminary Injunction (ECF No. 62) be passed as withdrawn. After carefully reviewing both R&Rs and the relevant papers, and having heard no objections, the Court ACCEPTS both R&Rs in their entirety and adopts their reasoning. Accordingly, Plaintiff's Motion for Preliminary Injunction (ECF No. 28) is DENIED as moot and Plaintiff's Amended Motion for Preliminary Injunction (ECF No. 62) is passed as withdrawn.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  December 18, 2017

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEONARD C. JEFFERSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 16-652WES |
| | : | |
| ASHBEL T. WALL, Director of Rhode | : | |
| Island Department of Corrections; | : | |
| COREY CLOUD, Grievance Coordinator | : | |
| at Rhode Island's Adult Correctional | : | |
| Institutions; MATTHEW KETTLE, | : | |
| Associate Director/Warden of the Adult | : | |
| Correctional Institutions' Maximum | : | |
| Security Building; LT. AMARAL, | : | |
| Correctional Officer at the Adult | : | |
| Correctional Institutions; DR. JENNIFER | : | |
| CLARKE, Medical Program Director | : | |
| at the Adult Correctional Institutions; | : | |
| DOCTORS AMANDA NOSKA, | : | |
| MICHAEL POSHKUS, and | : | |
| CHRISTOPHER SALAS, Members of | : | |
| Rhode Island Department of Corrections | : | |
| Hepatitis C. Committee, | : | |
|     Defendants. | : | |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Invoking the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, *pro se* Plaintiff Leonard Jefferson, a prisoner at the Adult Correctional Institution ("ACI"), claims that the exercise of his sincerely-held religious belief as a Muslim has been unduly burdened by the headwear policy of the Rhode Island Department of Corrections ("RIDOC"), which prohibits him from wearing his kufi[1] at all times and in all places within the

---

[1] "A Kufi is a 'close-fitting brimless cylindrical or round hat.'" Harris v. Wall, 217 F. Supp. 3d 541, 546 n.4 (D.R.I. 2016) (quoting Malik v. Ozmint, C.A. No. 8:07-387-RBH-BHH, 2008 WL 701517, at *9 (D.S.C. Feb. 13, 2008)). It is worn by Muslims as a religious head covering. Harris, 217 F. Supp. 3d at 546.

ACI.[2] The matter is presently before the Court on Plaintiff's motion for preliminary injunction seeking interim relief in connection with his RLUIPA claim ("the motion"). ECF No. 28. Specifically, Plaintiff has asked the Court to enter an injunction that would "immediately allow him to wear his kufi in all areas of the [ACI] at all times, subject to searches pursuant to existing ACI Policies." ECF No. 28 at 1. With Plaintiff's responsive filing on October 30, 2017 (ECF No. 64), the motion is now fully briefed and ready for determination as to whether an evidentiary hearing is necessary, and, if not, for report and recommendation.

On November 1, 2017, RIDOC advised the Court that it had issued a new Standard Operating Procedure, which became effective on November 6, 2017 ("2017 SOP"). ECF No. 65. The 2017 SOP provides that ACI inmates who are listed as Muslim, such as Plaintiff, are permitted to wear a specified kufi anywhere in the ACI's secure facilities,[3] subject to search procedures. ECF No. 65-1. The 2017 SOP moots Plaintiff's request for preliminary injunction because it provides him with all of the relief sought by the motion. In light of RIDOC's adoption of the 2017 SOP, there is no need for this Court to conduct an evidentiary hearing on the propriety of his recent discipline for possession of contraband. Nor is it appropriate for the Court to have an evidentiary hearing on his somewhat bizarre claim that he is not a prisoner under the Prison Litigation Reform Act, 42 U.S.C. §1997e ("PLRA").[4] Nor must the Court resolve

---

[2] Plaintiff also claims that he has been deprived of necessary treatment for chronic hepatitis C. That claim is not implicated by the motion for injunctive relief addressed by this report and recommendation.

[3] The 2017 SOP excludes the "Correctional Industries" from the areas where the kufi may be worn. Plaintiff works as a Dining Room Packer (ECF No. 28 at 3), and there is nothing in the record suggesting that he would be affected by this exception. To the extent that Plaintiff believes that this exception burdens his religious practice, he may file a new motion for injunctive relief.

[4] In 1974, Plaintiff was convicted of murder and sentenced to life by the Rhode Island Superior Court, but was paroled in 1985. In 1994, he was convicted in Pennsylvania of aggravated assault based on an incident involving the use of a baseball bat; this conviction resulted in the revocation of his Rhode Island parole. After serving almost twenty years in Pennsylvania, Plaintiff was returned to the custody of Rhode Island, where he is now serving the life sentence for murder. Plaintiff has argued that the PLRA does not apply to the motion because his parole was wrongly revoked. But see 42 U.S.C. § 1997e(h) (PLRA defines "prisoner" as "any person incarcerated or detained

Plaintiff's accusation that RIDOC misled the Court in omitting the wearing of protective head coverings by food workers from the information provided to the Court in another case raising the same RLUIPA claims (Harris v. Wall, CA. No. 16-080 S).[5] Rather, with all of the relief sought by the motion provided by the 2017 SOP, there is no issue requiring an evidentiary hearing, and the motion should be denied as moot.

Based on the foregoing, I deny Plaintiff's request for an evidentiary hearing and recommend that the Court deny as moot his motion for preliminary injunction to the extent that the motion seeks relief in connection with his RLUIPA claim. ECF No. 28.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 9, 2017

---

in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program").

[5] As already noted on the record during a prior hearing in this case, the Court has not found any of RIDOC's filings to be in bad faith or deceptive.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LEONARD C. JEFFERSON,
    Plaintiff,

v.                            C.A. No. 16-652WES

ASHBEL T. WALL, Director of Rhode
Island Department of Corrections;
COREY CLOUD, Grievance Coordinator
at Rhode Island's Adult Correctional
Institutions; MATTHEW KETTLE,
Associate Director/Warden of the Adult
Correctional Institutions' Maximum
Security Building; LT. AMARAL,
Correctional Officer at the Adult
Correctional Institutions; DR. JENNIFER
CLARKE, Medical Program Director
at the Adult Correctional Institutions;
DOCTORS AMANDA NOSKA,
MICHAEL POSHKUS, and
CHRISTOPHER SALAS, Members of
Rhode Island Department of Corrections
Hepatitis C Committee,
    Defendants.

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On October 17, 2017, acting through counsel appointed from the Court's *pro bono* panel, Plaintiff Leonard C. Jefferson filed his renewed motion for preliminary injunction (ECF No. 62), requesting the Court to order Defendants to provide treatment for his life-threatening condition of chronic hepatitis C. The motion is grounded in Plaintiff's right under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment as a result of prison officials' deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103 (1976). The motion has been referred to me for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After the filing of Plaintiffs' opening brief, supported by a deposition, other discovery responses, and other relevant materials, the Court set a schedule for further briefing and an evidentiary hearing. Text Order of Oct. 31, 2017. Well prior to the deadline for the filing of their opposition to the motion, on November 7, 2017, Defendants filed a Notice advising that Rhode Island Department of Corrections ("RIDOC") had expeditiously convened its hepatitis C Committee, which had voted to treat Plaintiff as requested by the motion for injunctive relief. After a brief hiatus, during which Plaintiff's counsel confirmed that treatment had indeed been initiated, on November 22, 2017, Plaintiff responded to the Notice by advising the Court that he is now receiving the treatment of the type sought by the preliminary injunction motion. In light of the commencement of such treatment and the expectation that it will cure the hepatitis C, Plaintiff has withdrawn the motion. Based on the withdrawal of the motion, and with commendation to counsel for all parties for the professionalism with which they have handled this issue, I now recommend that renewed motion for preliminary injunction (ECF No. 62) based on Eighth Amendment claims be passed as withdrawn.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 27, 2017