UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
LEONARD C. JEFFERSON,               )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 16-652 WES
                                    )
ASHBEL T. WALL, Director of Rhode   )
Island Department of Corrections;   )
CORY CLOUD, Grievance Coordinator   )
at Rhode Island's Adult             )
Correctional Institution; MATTHEW   )
KETTLE, Associate Director/ Warden  )
of the Adult Correctional           )
Institution's Maximum Security      )
Building; LT. AMARAL, Correctional  )
Officer at the Adult Correctional   )
Institution; DR. JENNIFER CLARKE,   )
Medical Program Director at the     )
Adult Correctional Institution;     )
DOCTORS AMANDA NOSKA, MICHAEL       )
POSHKUS, and CHRISTOPHER SALAS,     )
Members of Rhode Island Department  )
Of Corrections Hepatitis C          )
Committee,                          )
                                    )
        Defendants.                 )
_____ )

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court are the parties' cross motions for summary judgment. (ECF Nos. 77, 85.)  In Jefferson v. Raimondo, C.A. No. 17-439 (D.R.I. August 15, 2017) ("Jefferson I"), a subsequent action brought by plaintiff Leonard Jefferson, the Court adopted a Report and Recommendation ("R. & R.") dismissing many of the Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure (Mem. & Order Adopting R. & R., ECF No. 27). The dismissed counts included the Plaintiff's claim that the Department of Corrections ("DOC") policy prohibiting him from wearing his kufi during the 2017 Ramadan fast-breaking meals violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. (See generally id.) As stated in the adopted R. & R., "there is little discernable distinction" between the First Amendment claim here and the allegations in Jefferson I. (Id. at 36 n. 13.) The Jefferson I ruling thus guides the Court's analysis.

After a close review of the record and the parties' arguments, the Court denies Plaintiff's Motion for Partial Summary Judgment (ECF No. 77) and grants Defendant's Motion for Summary Judgment (ECF No. 85).

I. Background

   A. The Present Action[1]

Plaintiff self identifies as Muslim. (Pl.'s SUF ¶ 1.) Plaintiff was transferred to the Adult Correctional Institution ("ACI") on November 5, 2013. (Id. at ¶ 2.) On June 6, 2016, Plaintiff entered the ACI's dining room to receive his Ramadan fast-breaking meal. (Id. at ¶ 7.) After entering the dining room, Plaintiff

---

[1] The facts set forth herein are based on the parties' statements of undisputed facts ("SUF") (ECF No. 86, ECF No. 79) and the Complaint (ECF No.1). If any of the incorporated facts are disputed, it will be noted.

2

put his kufi[2] on his head, but Defendant Lt. Amaral told Plaintiff to remove it. (Id. at ¶ 8.) It is undisputed that the DOC Policy effective at that time "[did] not provide for an inmate to wear religious headwear at all times and places within the DOC's secure facilities." (Defs.' SUF ¶ 6.) Although there was an exception to this policy for religious services, Defendants contend that the Ramadan fast-breaking meals were not in fact religious services. (Pl.'s SUF ¶ 7.) Therefore, Plaintiff was not allowed to wear his kufi at any of the thirty fast-breaking meals during Ramadan in 2016. (Id. at ¶ 11.)

Based on these events, Plaintiff brought this action against Defendants on December 12, 2016. (See generally Compl., ECF No. 1.) His First Amended Complaint alleges, among other things, that by not allowing Plaintiff to wear his kufi at all times and all places the DOC policy violates RULIPA and the First and Fourteenth Amendments[3] to the United States Constitution. (See Pl.'s Am.

---

[2] A kufi is "a close-fitting brimless cylindrical or round hat" that is "worn by Muslims as a religious head covering." (Defs.' SUF ¶ 3.)

[3] As Defendants note, Plaintiff's complaint also alleges a Fourteenth Amendment claim. (See Defs.' Mem. Sum. J. at 3 n.1.) However, Plaintiff's motion for summary judgment does not address his purported Fourteenth Amendment claim, nor did he respond to Defendants' contention that "the religion claim is properly viewed through the lens of the First Amendment." (Id.; see generally Pl.'s Mot. Sum. J.; Pl.'s Obj. to Defs.' Mot. Sum. J. ("Pl.'s Obj."), ECF No. 92.) Accordingly, this Court shall asses the Fourteenth Amendment claims under the rubric of the First Amendment, as the Fourteenth Amendment applies First Amendment to the

3

Compl. 13, ECF No. 42.) In November 2017, however, DOC implemented a new Standard Operating Procedure ("SOP") concerning kufis and yarmulkes. (Defs.' SUF ¶ 10.) This SOP permits inmates to wear such head coverings anywhere in secure facilities, except correctional industries, subject to applicable search procedures. (Id.)

B. The Jefferson I Action

On September 25, 2017, Plaintiff filed another complaint against multiple parties, including Defendants Amaral, Wall and Kettle. (See generally Complaint, Jefferson I, C.A. No. 17-439, ECF No. 1.) In Jefferson I, Plaintiff alleged that after attempting to seek permission to wear his kufi during Ramadan 2017, "Defendants offered Plaintiff the option of eating his fast-breaking meals in his cell where, per RIDOC policy, he was permitted to wear his kufi . . . ." (Id. at ¶ 217.) Defendants again contended that the fast-breaking meals were not "by definition in policy a religious service." (Id. at ¶ 219.) Count VII of Plaintiff's Complaint asked the Court to declare that the DOC's kufi prohibition was a violation of the Free Exercise clause of the First Amendment. (See id. at ¶¶ 412-422.) Plaintiff's Jefferson I Complaint expressly acknowledged the instant action, stating that Wall "addresses the 2016 denial of permission to wear his kufi in

---

states. See Lavoie v. Bigwood, 457 F.2d 7, 9 (1st Cir. 1972)(reasoning the Fourteenth Amendment incorporates the First Amendment).

4

the dining room during the fast-breaking meals of Ramadan in 2016." (Id. at ¶ 211.)

II. Discussion

A party seeking summary judgment must establish that "no genuine issue as to any material fact" exists and that the party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts have "the potential of determining the outcome of the litigation." Maymí v. P.R. Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008). On a motion for summary judgment, "the court's task is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009) (quoting Asociación de Periodistas de P.R. v. Mueller, 529 F.3d 52, 55 (1st Cir. 2008)). Cross-motions for summary judgment do not alter this calculus. Adria Grp. v. Ferre Dev., Inc., 241 F.3d 103, 107 (1st Cir. 2001). Rather, the Court simply must "determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." Id.

    A.    Count I

        1.    RLUIPA

Plaintiff concedes that his claims under RLUIPA are now moot as the DOC's newly adopted 2017 SOP provides "Muslim inmates can wear an approved type of kufi anywhere in DOC facilities subject,

of course, to normal search and security procedures." (Pl.'s Obj. 10; Defs.' Mem. Sum. J., 6.) Therefore, Defendants' motion for summary judgment on Plaintiff's RLUIPA claims is granted and those claims are dismissed.

        2.    First and Fourteenth Amendment

Pursuant to the settled doctrine of res judicata, this Court's ruling in <u>Jefferson I</u> precludes Plaintiff's First and Fourteenth Amendment claims in this case.[4] (<u>See generally</u> Mem. & Order Adopting R. &. R., <u>Jefferson I</u>, C.A. No. 17-439, ECF No. 27.)

The res judicata principle directs that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Gonzalez v. Banco Cent. Corp.</u>, 27 F.3d 751, 755 (1st Cir. 1994) (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)). The elements of res judicata are "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." <u>In re Colonial Mort. Bankers Corp.</u>, 324 F.3d at 16

---

[4] Though Defendants do not raise this doctrine, the Court may consider it sua sponte. <u>See</u> <u>In re Colonial Mort. Bankers Corp.</u>, 324 F.3d 12, 16 (1st Cir. 2003) ("[A] court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste." (quoting <u>Bezanson v. Bayside Enter., Inc.</u>, 922 F.2d 895, 904 (1st Cir. 1990))).

6

(citing Gonzalez, 27 F.3d at 755). The Court finds that these three elements are satisfied here.

First, the Court dismissed the relevant counts of Plaintiff's Complaint in Jefferson I pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Mem. & Order Adopting R. & R. 2, Jefferson I, C.A. No. 17-439, ECF No. 27.) It is beyond question that a Rule 12(b)(6) dismissal is a final judgment on the merits. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" (quoting Angel v. Bullington, 330 U.S. 183, 190 (1947))); AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005) ("[A] dismissal for failure to state a claim is treated as a dismissal on the merits, and there is abundant case law to this effect."). It is immaterial that the Court ruled first in the later filed action. Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008)("[W]hen two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action regardless of which action was first brought."(quoting Restatement (Second) of Judgments § 14, cmt. a (1982))).

Turning to the second prong, the claims asserted here and in Jefferson I are "sufficiently identical." See In re Colonial Mort.

Bankers Corp, 324 F.3d at 16. The First Circuit follows a "transactional test" to assess equivalence that provides "claims are identical so 'as long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint.'" Koolen v. Mort. Elec. Registration Sys., Inc., 953 F. Supp. 2d 348, 352 (D.R.I. 2013) (quoting Haag v. United States, 589 F.3d 43, 46 (1st Cir.2009)). Events comprise one transaction "[w]hen a defendant is accused of acts which though occurring over a period of time were substantially of the same sort and similarly motivated . . . ." Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 328 (1st Cir. 2009) (quoting Restatement (Second) of Judgements § 24 (1982)).

Count VII of Plaintiff's Complaint in Jefferson I "asks the Court to declare that RIDOC's now-abandoned kufi prohibition is a violation of the Free Exercise clause of the First Amendment." (R. & R. at 24, Jefferson I, No. 17-439, ECF No. 20.) Plaintiff's Complaint moreover also acknowledged the existence of this action— a separate, previously filed adversarial proceeding bringing, in part, the same substantive claims based on series of connected events. (See Compl. ¶ 211, Jefferson I, C.A. No. 17-439, ECF No. 1.) Indeed, in the R. & R. adopted by the Court, the Magistrate Judge explained "there is little discernable distinction between the kufi claim in the Complaint and what remains in Wall . . . . The exception is that Wall challenges the kufi ban at the 2016 and

8

2017 Iftar rituals, while th[is] Complaint focuses only on 2017."
(R. & R. at 28, Jefferson I, No. 17-439, ECF No. 20.)  Plaintiff
did not object to the dismissal of Count VII in Jefferson I. (See
Pl.'s Obj. at 1, Jefferson I, No. 17-439, ECF No. 22.)

Here, Plaintiff again seeks a declaratory judgment, stating
that Defendants violated "Plaintiff's Free Exercise of Religion .
. . by refusing to allow Plaintiff to wear his kufi during thirty
(30) Iftar/Ramadaan meals in 2016."  (Pl.'s Brief Supp. Pl.'s Mot.
for Summ. J ("Pl.'s Brief") at 1, ECF No. 80.)  These claims are
"substantially of the same sort and similarly motivated" as Plain-
tiff's claims in Jefferson I.  See Sutliffe, 584 F.3d at 328.  The
Court therefore finds there is "sufficient identicality" under the
transactional test.

Finally, the parties in both suits are "sufficiently identi-
cal."  See Mass. Sch. of Law at Andover, Inc. v. ABA, 142 F.3d 26,
37 (1st Cir. 1998) (holding that the defendants who "were parties
to the precursor litigation" were sufficiently identical, though
the current action added additional new parties); Koolen, 953 F.
Supp. 2d at 353; cf. Gonzalez, 27 F.3d at 757 (holding res judicata
can sometimes bar an action "by persons who, technically, were not
parties to the initial action").  Defendants Amaral, Wall and
Kettle were defendants in Jefferson I and Plaintiff is the same in
both cases.  (See generally Compl., Jefferson I, No. 17-439, ECF

9

No. 1.)  As all elements of res judicata are met, Plaintiff's claims are barred.  See In re Colonial Mort. Bankers Corp, 324 F.3d at 16.

II.  Conclusion

For the above reasons, Defendants' Motion for Summary Judgment (ECF No. 85) is GRANTED.  Additionally, the Plaintiff's Motion for Partial Summary Judgment (ECF No. 77) is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: September 28, 2018